IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09-cv-1315-TMP |
| ) | |
| JAMES BRYAN HARLAND, ) | |
| TANJA HARLAND, ) | |
| ) | |
| Defendants ) | |

MEMORANDUM OPINION

This cause is before the court on the defendants' motion, filed July 21, 2009, to dismiss or abstain from exercising jurisdiction in this declaratory judgment action. (Doc. 4)  The court conducted a hearing on the motion on December 1, 2009.  On December 4, 2009, the parties consented to the dispositive jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 12).  For the reasons explained below, the court believes the motion should be granted and the action dismissed without prejudice.

I. Factual Background

Although there are factual disputes concerning the coverage question, the facts relevant to the issue now before the court are relatively uncontroversial.  As alleged in the declaratory judgment complaint, defendants James and Tanja Harland ("Harlands") purchased insurance from plaintiff Allstate Indemnity Company ("Allstate") on July 24, 2008, to cover their home.  A fire occurred on October 18, 2008, resulting in a claim being made on the policy.  The Harlands submitted a proof of loss on January 14, 2009, which Allstate rejected two weeks later as being incomplete.  On April 7

and 8, 2009, the Harlands underwent an examination under oath, conducted by Allstate's attorney, as provided in the insurance policy. On June 1, 2009, the Harlands submitted another proof of loss on the fire. On June 15, 2009, the Harlands' attorney, Vincent Brown, wrote a letter to Allstate, saying that, unless Allstate gave the Harlands a response to their claim within ten days, the Harlands would consider the claim denied by Allstate. Although not stated explicitly, implied in the letter was the threat of litigation if the claim was not honored by Allstate. In response to the letter, counsel for Allstate telephoned the Harlands' attorney and asked him to refrain from filing suit until June 30, 2009, saying that the Allstate claims adjuster was out of town, and that upon his return the claims file would be reviewed and a response made by June 30. Allstate's counsel wrote a confirmatory letter to the Harlands' attorney dated June 18, saying in part:

> This will acknowledge receipt of your June 15, 2009 letter asking Allstate to make a claim decision in ten working days from the date of your letter. Mr. Rocchio is currently on vacation and not scheduled to return until June 24th which will not be enough time.
>
> No claim decision has been made and to be certain that all the investigative material is considered when the decision is made, I am asking you to extend the time until June 30, 2009 for Allstate to make its claim decision after Mr. Rocchio returns.

(Doc. 6, Ex. C). Ten working days from the June 15 letter would have expired on June 29, 2009. On June 30, rather than responding to the Harlands' attorney's letter or notifying them of its claim decision, Allstate filed the instant action for declaratory relief, alleging that no coverage was due to the Harlands because the fire was the result of arson and because material misrepresentations were made by them during the claims process.

Three weeks later, the Harlands filed suit on July 21, 2009, against Allstate, Rocchio, and others alleging breach of contract, bad faith failure to pay, fraud, negligence, and other theories for recovery. Allstate moved for dismissal as a defendant, citing the instant complaint for declaratory relief pending in this court and arguing that the Harlands' claims against Allstate and its agents and employees were required to be filed as a compulsory counterclaim in this action. By order entered October 17, 2009, the Circuit Court of Jefferson County agreed and dismissed with prejudice the Harlands' state-court action against Allstate and two of its agents or employees. That dismissal was altered on October 20, 2009, however, to make it a dismissal without prejudice. (Doc. 10).

## II. Discussion

The Harlands' motion asks the court to exercise its discretion to dismiss or abstain from hearing Allstate's declaratory judgment action in favor of the matter being litigated in Alabama state court. The parties agree that the court has the discretion to proceed with the filed action or to dismiss it, subject to review for abuse of discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 2144, 132 L. Ed. 2d 214 (1995). Whether to exercise jurisdiction over the declaratory judgment complaint ultimately is guided by equitable principals. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005), citing Kerotest Manufactring Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200 (1952). The Eleventh Circuit has identified nine non-exclusive "guideposts" by which the district court may measure which way its discretion should be exercised. Two years ago, the court of appeals reiterated these guideposts, saying:

The Declaratory Judgment Act ("the Act") is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287, 115 S. Ct. 2137 (citations omitted). It gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). Under the Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties. Wilton, 515 U.S. at 283, 115 S. Ct. 2137. Indeed, the Supreme Court has cautioned that in certain cases, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495, 62 S. Ct. 1173. In addition, we have provided guidance for district courts, listing several factors to be considered in balancing these competing interests: "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' — that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

Penn Millers Insurance Co. v. AG-Mart Produce, Inc., 260 Fed. Appx. 175, 176 (11th Cir. 2007); see also Triple S Refining Corp. v. Mount Canaan Full Gospel Church, 254 Fed. Appx. 762 (11th Cir. 2007). At the heart of these factors is the traditional notion of due "considerations of federalism, efficiency, and comity." Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

A threshold point argued strenuously by Allstate is the fact that the Harlands' state court action against Allstate and its associated employees and agents has been dismissed without prejudice

by the state court. Allstate stresses that, unlike many of the cases in which federal courts have exercised discretion to dismiss or abstain in declaratory judgment actions, there is no currently pending state action to which this court may defer. The Harlands argue, and this court agrees, that that fact is more an accident of timing than a substantive ground on which the exercise of discretion should turn. The Harlands filed their state court action — parts of which apparently remain pending — on July 21, 2009, the same day that they filed the instant motion to dismiss in this court. To this court's chagrin, the state court moved more quickly, holding a hearing on Allstate's motion to dismiss the Harlands' suit on September 3, and granting the motion to dismiss on October 17, 2009. But for those very speedy proceedings in the Circuit Court of Jefferson County, there still would remain pending a parallel state action involving the same controversy as in this case.[1] It is undisputed that, although no action is presently pending against Allstate in this matter in state court, Allstate can be added to the state-court action without leave of court at any time,[2] and the Harlands have made clear their intention to do so if this action is dismissed. Thus, the court does not view this quirk of timing as a substantive obstacle to the exercise of discretion in favor of parallel state litigation.

---

[1] It does not matter that the state action was filed after the federal declaratory judgment action and in anticipation of filing a motion to dismiss the federal action. See Triple S Refining Corp. v. Mount Canaan Full Gospel Church, 254 Fed. Appx. 762, 763 (11th Cir. 2007) ("That the action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment.").

[2] Unlike Rule 15(a) of the *Federal Rules of Civil Procedure*, the Alabama Rules of Civil Procedure allow for amendments of complaints without leave of court, subject to disallowance by the court, any time at least 42 days prior to the first setting of the case for trial. See Rule 15(a) of the *Alabama Rules of Civil Procedure*.

Turning to the Ameritas factors, the court finds that several weigh neutrally or only slightly for or against the exercise of federal jurisdiction, while two weigh heavily against it.

(1) *Strength of State Interest* — The State of Alabama has some interest in the declaratory judgment issue in this case in the usual sense that it involves an Alabama property owner claiming under an insurance policy sold in Alabama under the imprimatur of Alabama insurance regulations. The interest is only slight, however, because the fundamental issue relates to whether the fire that destroyed the property was the result of arson. There is no apparent issue in the case that touches directly on any Alabama public policy or insurance regulation with respect to which the state would have a clear interest in resolving.

(2) *Will Declaratory Judgment Settle the Controversy?* — It is true that a declaratory judgment action would ultimately settle whether Allstate owes coverage to the Harlands or whether the Harlands have lost that coverage due to arson or material misrepresentations.[3] There are other issues raised in the state court action, however, relating to the manner in which the loss investigation was carried out and whether Allstate agents negligently failed to provide coverage sought by the Harlands. Indeed, the declaratory judgment action would not resolve questions concerning the *amount* of loss suffered by the Harlands, or whether Allstate's handling of the claim has been in bad faith. These issues are not involved in the declaratory judgment action. In that sense, the declaratory judgment action will not result in the resolution of all of the controversies surrounding the fire loss. This factor, therefore, is either neutral to the exercise of federal jurisdiction, or weighs slightly against it in favor of a more comprehensive action in state court.

---

[3] It should be noted that the declaratory judgment complaint by Allstate does not identify the material fact the Harlands are alleged to have misrepresented.

(3) *Will Declaratory Judgment Serve a Useful, Clarifying Purpose?* — Just as with the second factor, a declaratory judgment action can serve a useful purpose in the sense that it can resolve the coverage issue between the Harlands and Allstate. It will not resolve *all* issues arising out of this fire loss, and for the reasons explained below, the intensive factual inquiry that is required to determine whether, in fact, arson occurred or the Harlands made material misrepresentations is better accomplished in an action for damages, rather than mere declaratory relief. The dispute in this case is not grounded on language in the insurance contract, which, if clarified by declaratory judgment, would have a useful purpose with respect to other policyholders. Rather, the disputes in this case turn on the unique facts of this case: whether arson occurred and whether material misrepresentations occurred. Thus, insofar as this factor attempts to weigh whether a decision in this case can be helpful in other circumstances, the fact-bound nature of the controversy makes that unlikely.

(4) *"Procedural Fencing"* — The court in Ameritas explained this as procedural maneuvering "to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable." See, e.g. Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 Fed. Appx. 813, 816 (11th Cir. 2008). The court finds that this factor weighs heavily against the exercise of federal jurisdiction in this case. The state court action that was filed by the Harlands on July 21 appears not to be removable; there are no issues of federal law in it and there is no complete diversity. Allstate appears to have filed the instant action in a race to the courthouse. After asking the Harlands' attorney to "sit tight" until June 30, ostensibly to obtain a response from Allstate to the Harlands' claim, Allstate instead filed this declaratory judgment action. The request to "sit tight" appears to have been nothing more than a ruse by which Allstate was able to get to court first with

this action in order to get "federal hearing in a case otherwise not removable." As the Harlands put it, this action was an "anticipatory filing," set up by Allstate's request to their counsel to give Allstate until June 30 to respond to their claim. Allstate never responded, as it said it would, unless one can count a lawsuit as a response.

Allstate's motion to dismiss the state court action filed by the Harlands on the ground that their claim against it must be a compulsory counterclaim in this declaratory judgment action[4] further cements the conclusion that Allstate, all along, was intent on winning the race to the courthouse. By filing first in this court and arguing that the compulsory counterclaim rule requires the dismissal of the state court action, Allstate attempted to make this court the exclusive battleground for the controversy with the Harlands. Indeed, under Alabama law, the Harlands could not file claims in the state court which were in the nature of compulsory counterclaims in this action. Thus, by winning the race to the courthouse, even if by devious means, Allstate assured that its coverage dispute had to be litigated here, that is, if this court exercised its discretion to proceed with the declaratory judgment action. This is "procedural fencing," attempting to assure a federal forum over an essentially state-law controversy.

(5) *Federal-State Friction* — This factor weighs somewhat against the exercise of federal jurisdiction. As discussed already, Allstate has succeeded in getting the state-court claims against it dismissed without prejudice, but the Harlands still have remaining a state action arising from the facts of this fire loss against other defendants. Two actions will continue to be litigated, increasing the likelihood of inconsistent factual findings being made in the two actions. Thus, there is a

---

[4] See Ex parte Canal Ins. Co., 534 So. 2d 582 (Ala. 1988); Ex parte Metropolitan Property and Cas. Ins. Co., 974 So. 2d 967 (Ala. 2007).

possibility of friction between the federal and state courts, which is avoidable, particularly in favor of the more comprehensive state action the Harlands are attempting to prosecute.

(6) *Better Remedy Alternative to Declaratory Judgment* — The court believes this factor also weighs somewhat against the exercise of federal jurisdiction.  In the event the Harlands refile a breach of contract action in state court against Allstate, the remedy of a damage action is marginally better than that of a mere declaratory judgment.  While this court could declare the rights and liabilities of the parties to the contract, it could not enter a judgment for damages in favor of the Harlands in the event it appears that Allstate has wrongfully refused to pay their claim.  In the state damage action, the court will be required to address not only the coverage question but also whether the Harlands are entitled to additional remedies against Allstate.  The state damage action would be more comprehensive and final, and, therefore, superior to a mere declaratory judgment action.

(7) *Factual Issues Important to Resolution* — This is the other factor the court believes weighs heavily in favor of dismissing this action in favor of a state action.  While this declaratory judgment action is styled as raising a question concerning coverage, that question is far from being a pure question of law or contract interpretation.  Rather, Allstate has alleged that no coverage exists because the fire was the result of arson and because the Harlands have made material misrepresentations during the claims process.  Both of these are hotly disputed and involve complex questions of fact and evidence best suited for trial before a jury.  This is not the typical insurance coverage case in which the dispute centers on the meaning of some language in the policy; this case involves complex determinations relating to the cause of the fire, the Harlands' alleged involvement in the cause, what representations they have made during the claims process, and whether those representations were materially false.  The development of these facts are essential to resolution of

the declaratory judgment case, and fact-finding can occur better in a jury trial. Juries are better suited to resolve fundamental fact disputes such as these.

(8) *Whether State Court Is In a Better Position To Evaluate Facts* — For the reasons discussed with respect to factors (6) and (7), the state court is in a slightly better position to resolve the controversy, particularly the factual disputes that underlie the coverage question. An action in state court would entail both the legal coverage question and, more importantly, a jury resolution of the factual disputes.

(9) *Nexus To Federal Or State Policy Or Law* — Clearly the contract and tort issues inherent in the controversy are linked more closely to state law than federal law. There is no federal policy or law issue to be resolved because the entire legal structure of the controversy arises from Alabama state insurance and tort law. Absent a federal interest, there is little reason for the court to become involved in issues of state law. The traditional interests in federalism and comity point toward resolution of this case by the state courts.

Having carefully considered and weighed the nine Ameritas factors, particularly in light of their equitable nature and with due respect for traditional notions of federalism, efficiency, and comity, the court believes that the instant declaratory judgment action should be dismissed without prejudice to allow the Harlands to add Allstate to the still pending state action and obtain a complete resolution of all of the controversies arising from the fire loss. A single jury trial of all of the interrelated claims would be more efficient that attempting to proceed on two fronts, in a declaratory judgment action in this court and a tort action against associated defendants in state court. The state court is able to gather all of these disparate parties and claims in one place for one resolution.

By separate order, the court will dismiss the declaratory judgment complaint without prejudice to the parties' right to address those claims in the state forum.

DONE this 21st day of December, 2009.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE